42

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

**FEB 2 9 2000**

Michael N. Milby, Clerk of Court
By Deputy Clerk

PAUL RICHARD COLELLA,          §
                               §
          Petitioner,          §
                               §
-VS-                           §          CIVIL ACTION NO. B-98-121
                               §
TEXAS DEPARTMENT OF CRIMINAL   §
JUSTICE, INSTITUTIONAL DIVISION §
GARY JOHNSON, Director          §
                               §
          Respondent.          §

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Findings of Fact and Recommendation

By order dated May 15, 1999, the Honorable Hilda G. Tagle, United States District Judge

(the "District Court"), referred this case to the undersigned. Before the Court are:

      1.      Petitioner's Motion and Supporting Brief to Abate Case Pending Exhaustion of Remedies in State Court and Request for Hearing on the Motion filed September 2, 1999 ("Motion to Abate") (Docket No. 35);

      2.      Respondent Johnson's Motion to Dismiss for Failure to Exhaust State Court Remedies, Response to Petitioner's Motion to Abate and Request for Expedited Ruling with Brief in Support filed September 3, 1999 ("Motion to Dismiss")(Docket No. 36); and

      3.      Petitioner's Opposition to Respondent's Motion to Dismiss (Docket No. 37) filed September 23, 1999 (as corrected by Petitioner's correction filed on September 23, 1999).

On February 4, 2000, a hearing was held on the Motion to Abate and the Motion to Dismiss.

Based on the pleadings, briefs, and argument of counsel, and pursuant to 28 U.S.C. § 635(b)(1), this

Court makes the following proposed findings of fact and recommendations for disposition to the

District Court:

**UNITED STATES MAGISTRATE JUDGE'S PROPOSED FINDINGS OF FACT AND
RECOMMENDATIONS – Page 1**

## PROPOSED FINDINGS OF FACT

1.     Petitioner Paul Richard Colella ("Petitioner") is sentenced to death under a judgment that the 357th Judicial District Court of Cameron County, Texas entered on September 4, 1992. On October 11, 1995, the Texas Court of Criminal Appeals ("CCA") denied his direct appeal. *Colella v. State*, 915 S.W.2d 834 (Tex. Crim. App. 1995). On February 21, 1996, the CCA denied Petitioner's request for rehearing on direct review. Petitioner did not seek direct review of his death sentence in the United States Supreme Court.

2.     On November 22, 1996, pursuant to Article 11.071 of the Texas Code of Criminal Procedure, the CCA appointed an attorney to represent Petitioner in state post-conviction proceedings. On July 15, 1998, the CCA dismissed the Application as an abuse of the writ because it was untimely under Article 11.071 §5(a) (providing six-month deadline for filing state habeas application). At that time Petitioner could not have re-filed his application in the Texas courts because of Article 11.071 § 5(a).

3.     On August 21, 1998, the District Court granted Petitioner leave to proceed in forma pauperis in the District Court and appointed Susan L. Karamanian and Andrew Hammel as counsel for Petitioner.

4.     On September 9, 1998, Petitioner filed an Unopposed Motion in which he sought leave to file immediately a preliminary petition for post-conviction relief (the "Preliminary Petition") with the right to amend or supplement the petition after his counsel had performed a meaningful investigation of the case. In the Unopposed Motion, Petitioner stated:

> Respondent has stated to undersigned counsel that he will not assert as a bar or defense the federal statute of limitations embodied in 28 U.S.C. § 2244(d) if Petitioner files this preliminary petition for post-conviction writ of habeas corpus subject to a subsequent amendment or supplementation by January 22, 1999.

Unopposed Motion at 6.  On September 9, 1998, Petitioner also moved to stay his execution.

5.      On September 24, 1998, the District Court granted Petitioner leave to file the Preliminary Petition, which was filed effective September 9, 1998.  The District Court also ordered that it not adjudicate the claims raised in the Preliminary Petition until a final original petition was filed on January 22, 1999. It also ordered that a supplemental and/or amended petition would not be deemed "successive," and that amendments to the original petition would relate back to the date of its filing.  Petitioner and Respondent later agreed to extend the January 22, 1999 date to March 23, 1999, and the Court so ordered.  The First Amended Petition for Writ of Habeas Corpus (the "First Amended Petition") was filed on March 23, 1999.  On September 24, 1998, the District Court also stayed Petitioner's execution.  While Petitioner has been pending in federal court he could not have sought relief in the Texas courts due to Texas's habeas abstention principle. *Graham v. Johnson*, 168 F.3d 762, 779 (5th Cir. 1999).

6.      Under 28 U.S.C. § 2254(b)(1), an application for writ of habeas corpus on behalf of a person in custody under a judgment of a State Court "shall not be granted unless it appears that −(A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant."

7.      After the First Amended Petition was filed, but before the District Court or the undersigned considered the merits of any of the claims raised in the First Amended Petition, the Texas

legislature amended Texas Code of Criminal Procedure art. 11.071 as follows, effective September 1, 1999:

> Notwithstanding any other provision of this article, the Court of Criminal Appeals shall appoint counsel and establish a new filing date for application, which may be no later than the 270th day after the date on which counsel is appointed, for each applicant who before September 1, 1999 filed an untimely application or failed to file an application before the date required by Section 4(A) or (B).

TEX. CODE CRIM. PROC. ANN. Art. 11.071 § 4A (f) (Vernon Supp. 1999) ("Section 4A(f)").

8.   It is undisputed that Petitioner's state habeas application was dismissed as untimely before September 1, 1999. Both Petitioner and Respondent agree and this Court finds that Section 4A(f) was intended to benefit a handful of death-sentenced inmates, including Petitioner, whose CCA-appointed attorneys had missed the filing deadline of Article 11.071. Both Petitioner and Respondent agree and this Court finds that Petitioner's claims have been rendered unexhausted by the passage of Section 4A(f), and that Petitioner should be required to return to the Texas courts to exhaust his state-court remedies.

9.   On September 2, 1999, Petitioner filed the Motion to Abate, requesting that this habeas action be abated while he pursued his remedies in the Texas courts as contemplated by Section 4A(f). Petitioner sought abatement, as opposed to a dismissal, to eliminate the possibility that his right to seek federal review of his claims would be extinguished during state post-conviction proceedings by the expiration of the one-year limitation period for filing a federal habeas petition contained in 28 U.S.C. § 2244(d)(1) ("federal habeas limitations period"). *See, e.g., Pedraza v. Oklahoma*, No. 98-7127, 1999 WL 644814 (10th Cir. 1999) (holding that the tolling provision of 28 U.S.C. § 2244(d)(2) does not toll the time during which a

federal court habeas petition is pending); *Parker v. Johnson*, 988 F. Supp. 1474 (N.D. Ga. 1998) (same).

10.    On September 3, 1999, Respondent filed the Motion to Dismiss, requesting that this habeas action be dismissed without prejudice.  The Respondent argued that dismissal without prejudice, as opposed to abatement, is appropriate when the inmate has not exhausted state remedies.  The Respondent observed that the Texas courts recognize a habeas abstention doctrine, which forbids them from entertaining a state post-conviction petition when the inmate has a habeas petition in abeyance in federal court. *See Graham v. Johnson*, 168 F.3d 762, 779 (5th Cir. 1999)(A district court that holds a habeas petition in abeyance but does not dismiss it retains jurisdiction over the case.  Therefore, as a matter of comity, the Texas courts will not consider a habeas petition while a federal habeas proceeding concerning the `same matter' or seeking the same relief is presently pending.)

11.    Four policies are implicated by the facts and procedural posture of this case:  (1) the federal policy in favor of requiring habeas petitioners to exhaust state remedies; (2) the federal policy in favor of prompt resolution of habeas challenges to death sentences; (3) the federal policy in favor of preserving a federal litigant's right to federal review of his claims after exhaustion in appropriate circumstances; and (4) the state policy, as reflected by Section 4A(f), that death-sentenced inmates whose initial state post-conviction challenges were filed untimely should have review in the Texas courts of their habeas claims.

12.    Although this Court has the discretion to abate this action (*Brewer v. Johnson*, 139 F.2d 491, 493 (5th Cir. 1998)), doing so may prevent Petitioner from taking advantage of Section 4A(f) because of the habeas abstention doctrine.  However, a dismissal without prejudice, without

**UNITED STATES MAGISTRATE JUDGE'S PROPOSED FINDINGS OF FACT AND RECOMMENDATIONS – Page 5**

any recognition that the federal habeas limitations period has been equitably tolled or otherwise tolled, may likewise prevent Petitioner from returning to federal court after exhaustion.

13.    Assuming Petitioner is denied relief in state court after this case is dismissed without prejudice and wishes to pursue federal habeas remedies, the operation of the federal habeas limitations period may complicate or prevent his return to federal court.  As part of their inherent power to control their dockets, federal courts, in the proper circumstances, have the discretion to formulate appropriate remedies which will ensure that the running of statutes of limitations will not extinguish a litigant's federal claims while he exhausts them in state proceedings. *See, e.g., Spina v. Aaron*, 821 F.2d 1126, 1129 (5th Cir. 1987). Although abatement would be one way to accomplish that objective, it appears that entering an order holding this case in abeyance may prevent Petitioner from taking advantage of Section 4A(f). *See supra.*

14.    The Fifth Circuit has held that the federal habeas limitations period is not jurisdictional and is subject to equitable tolling in extraordinary circumstances when "strict application of the statute of limitations would be inequitable." *Davis v. Johnson*, 158 F.3d 806, 810, 811 (5th Cir. 1998) (citations omitted).  In making the recommendations contained herein, this Court explicitly relies on that holding.  This Court finds that the passage of Section 4A(f), which permits a very small class of Texas death row inmates, including Petitioner, to re-file habeas petitions in state court without regard to 11.071's strict successor provisions, creates an "extraordinary" circumstance sufficient to justify equitable tolling in this case.

15.    The interests of justice would be served, and all federal and state policies respected, if a period of equitable tolling and/or tolling is held to encompass all time which otherwise would

**UNITED STATES MAGISTRATE JUDGE'S PROPOSED FINDINGS OF FACT AND RECOMMENDATIONS – Page 6**

have been charged against Petitioner under the federal habeas limitations period until September 1, 1999, the date upon which a newly-created state post-conviction remedy, which removed prior impediments to exhaustion of Petitioner's claims, became available to Petitioner. The Respondent has expressly agreed to this finding, and the Court so relies on Respondent's agreement in entering these findings and recommendations.

16.    All time after September 1, 1999 shall count towards the federal habeas limitations period, unless one of the specific provisions found in 28 U.S.C. § 2244(d)(1)(A)-(D) and/or 28 U.S.C. § 2244(d)(2) (collectively, the "Statutory Tolling Provisions") applies.

17.    If Petitioner files a federal habeas petition following exhaustion of his state remedies, that petition will not be deemed "second or successive" under the AEDPA. *In re Gasery*, 116 F.3d 1051, 1052 (5th Cir. 1997). Provided Petitioner files the post-exhaustion petition within the limitations period as prescribed herein, the petition will be considered as an initial, timely federal habeas petition.

18.    If these proposed findings and recommendations become final, they are intended to, and do, constitute the law of this case as it pertains to equitable tolling and/or tolling of the federal habeas limitations period as applied to Petitioner in his efforts to exhaust his remedies in state court. *See, e.g., United States v. United States Smelting Ref. & Mining Co.*, 339 U.S. 186, 198 (1950) (noting that the law-of-the-case doctrine follows from the "sound policy that when an issue is once litigated and decided, that should be the end of the matter."). Under the doctrines of law of the case, res judicata, and collateral estoppel, once these findings and recommendations become final, no party shall be permitted to later challenge or contest them. All parties are bound by, and entitled to rely fully upon, the legal conclusions set out herein.

**UNITED STATES MAGISTRATE JUDGE'S PROPOSED FINDINGS OF FACT AND RECOMMENDATIONS – Page 7**

*Calderon v. District Court*, 163 F.3d 530, 541-42 (9th Cir. 1998)(*en banc*), *cert. denied,* __U.S.__, 119 S.Ct. 1377 (1999).

19.    Therefore, based on the above findings and representations that Respondent has made, it is hereby RECOMMENDED that:

A.    The First Amended Petition be DISMISSED WITHOUT PREJUDICE so that Petitioner can exhaust his remedies in the Texas courts as contemplated by and allowed under Section 4A(f) but subject to the conditions set forth below in subsections B-F, which this Court recognizes are designed to protect Petitioner's rights;

B.    The federal habeas limitations period is EQUITABLY TOLLED AND/OR TOLLED in all respects to and including September 1, 1999;

C.    The time that has elapsed since September 1, 1999, including the time Petitioner's federal habeas petition has been pending in federal court after September 1, 1999, will be counted against the federal habeas limitations period, unless one or more of the Statutory Tolling Provisions applies;

D.    Petitioner must, after exhausting state remedies, re-file a federal habeas petition in this Court by September 1, 2000, unless that deadline is extended by one or more of the Statutory Tolling Provisions;

E.    If Petitioner files a federal habeas petition following exhaustion of his state remedies, that petition will not be deemed "second or successive" under AEDPA. Provided Petitioner files the post-exhaustion petition within the limitations period as prescribed herein, the petition will be considered as an initial, timely federal habeas petition; and

**UNITED STATES MAGISTRATE JUDGE'S PROPOSED FINDINGS OF FACT AND RECOMMENDATIONS – Page 8**

F.     These findings and recommendations are intended to, and do, constitute the law of this case as they pertain to equitable tolling of the federal habeas limitations period as applied to Petitioner in his efforts to exhaust his remedies in the Texas courts. Under the doctrines of law of the case, res judicata, and collateral estoppel, once these findings and recommendations become final, no party shall be permitted to later challenge or contest them. All parties are bound by, and entitled to rely fully upon, the findings and recommendations set out herein.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

DONE at Brownsville, Texas this 23 day of February, 2000.

_____
John Wm. Black
United States Magistrate Judge

**UNITED STATES MAGISTRATE JUDGE'S PROPOSED FINDINGS OF FACT AND RECOMMENDATIONS – Page 9**